UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| SEYED PAYAM VAGHEFI KIA, | : |
| Plaintiff | : |
| | : Civil Action No. |
| v. | : |
| | : _____ |
| ONETRUST, LLC | : JURY TRIAL DEMANDED |
| Defendant | : |

## COMPLAINT

Plaintiff, Payam Vaghefi, ("Vaghefi" or "Plaintiff") by and through his undersigned counsel, files this Complaint and states as follows:

1.

This action is brought against Plaintiff's former employer, OneTrust, LLC. ("OneTrust" or "Defendant" under the Family Medical Leave Act, 29 U.S.C. § 2601, et seq. ("FMLA").

2.

Plaintiff is a resident of DeKalb County, Georgia and was employed by OneTrust at its Atlanta (Sandy Springs) office, until his forced resignation on November 20, 2020.

1

3.

OneTrust, LLC is incorporated in the State of Delaware, has corporate offices located in Atlanta, Georgia, among other places at 1200 Abernathy Road, Atlanta, Georgia 30328.

II.  JURISDICTION AND VENUE

4.

Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1337, and 1343.

5.

Venue is proper in this action because the acts complained of by Plaintiff occurred within the Atlanta Division of this Court. Defendants may be served with process upon its Registered Agent in Georgia, CT Corporation System, 289 S. Culver Street, Lawrenceville, Georgia 30046 and service of process may be perfected on Defendant at that address.

6.

Plaintiff has also performed all conditions precedent necessary to the maintenance of this action under the FMLA, since this claim has been brought within two years of Defendant's interference with Vaghefi's rights under the FMLA. Plaintiff had worked for OneTrust for more than one year and worked on a full-time

basis, working over 1250 hours in the year immediately preceding the requested leave. As such, Plaintiff is an employee covered by the FMLA.

7.

OneTrust employed more than fifty (50) employees for twenty consecutive (20) weeks during the prior calendar year. In the location where OneTrust employed Plaintiff, OneTrust employed at least fifty (50) employees within seventy-five (75) miles. As such, OneTrust is a covered employer under the FMLA.

III.  GENERAL ALLEGATIONS

8.

Plaintiff had been employed by OneTrust since 2017 and had worked as a sales representative. He had been highly successful until the last few months of his employment. On September 23, 2020, Plaintiff confidentially informed his supervisor at OneTrust, Kevin Kiley, ("Kiley") that he had a substance abuse problem. Kiley told him that he should go see a counselor and to take care of his health. Plaintiff then regularly met with the counselor, found the counseling to be helpful and he stopped using cocaine, the substance he was abusing.

9.

On October 30, 2020, however, which was the last day of the third quarter for OneTrust, he was placed on a Performance Improvement Plan (PIP). Being placed

on the PIP affected Plaintiff in such a negative way that he started using cocaine again. Based on information and belief, when placed on the PIP, Plaintiff was performing well within his team of eleven (11) salesperson for the third quarter of 2020.

10.

During the week of November 9, 2020, Kiley told Plaintiff to consider the PIP "to be torn up" and to focus on bringing in "an extraordinary fourth quarter."

11.

On November 20, 2020, he had a one-on-one meeting with Kiley to discuss quarterly performance goals and related end-of-year matters. As of that date, based on information and belief, Plaintiff remained in top third in sales on his team.

12.

At the beginning of the one-on-one meeting with Kiley on November 20, 2020, Plaintiff told Kiley that he was still suffering from an addiction to cocaine and that it was time for him (Plaintiff) to "go to Rehab." With that admission to his superior, Plaintiff asked for a leave of absence from work so he could undergo in-patient treatment at a rehabilitation clinic. Kiley, however, denied Plaintiff's request for a leave from work for in-patient rehabilitation, telling him it was "too late" and gave him the choice to either resign or be terminated, but added that he would

reemploy him if he completed rehabilitation clinic successfully. Left with the denial of rehabilitation leave and the choice of either being terminated or resigning, Plaintiff was compelled to resign, believing Kiley and OneTrust would rehire Plaintiff once he completed his in-patient rehabilitation treatment. Plaintiff began his in-patient rehabilitation in early December 2020 and completed successfully the treatment prior to Christmas 2020.

13.

After Plaintiff submitted his forced and involuntary resignation, Kiley asked Plaintiff to continue working for an additional two (2) weeks, through and including December 4, 2020. Plaintiff agreed, but later on November 20, 2020 asked Kiley to allow him to withdraw his resignation. Kiley was non-committal but encouraged Plaintiff to agree to work a third week so Plaintiff could "close more deals." Plaintiff finally told Kiley that he was unwilling to work the third week because of his need for in-patient rehabilitation treatment, treatment which he in fact received.

14.

It was not until December 2, 2020, twelve (12) days after he requested, that Plaintiff's request to rescind his resignation was denied by Kiley and Human Resources. His last day of employment with OneTrust was December 4, 2020.

Based on information and belief, Plaintiff's resignation had not been processed by OneTrust until on or about December 2, 2020.

## COUNT I
## FAMILY MEDICAL LEAVE ACT
## (29 U.S.C. § 2601, ET. SEQ.)
## Interference and Retaliation

15.

Plaintiff incorporates by references the allegations set forth in paragraphs 1 through 15.

16.

On November 20, 2020, Plaintiff asked for rehabilitation leave, a leave to which he was entitled to under the FMLA, but which was denied, and Plaintiff was then told he would be fired if he did not resign. Such a denial constituted impermissible interference with Plaintiff's request for an FMLA leave and retaliation against Plaintiff for making such a request. Although Plaintiff resigned his employment on November 20, 2020, his resignation was anything but voluntary. Even after Plaintiff resigned, his superior asked him to work an additional two (2) weeks, and encouraged to work a third week, so he could close more accounts for the benefit of OneTrust. It was only near the conclusion of the two (2) weeks that Plaintiff worked after he was forced to resign that he was informed that his

resignation would not be rescinded by OneTrust. OneTrust's refusal to rescind his resignation was retaliatory based on Plaintiff's earlier request for a leave of absence.

17.

OneTrust's denial of the request for a leave of absence for rehabilitation by Plaintiff was not made in good faith and furthermore, OneTrust it did not have reasonable grounds for believing that this denial was not a violation of the FMLA.

18.

Interference with an employee's requested leave for in-patient treatment is a violation of the FMLA, 29 USC Sec, 2615 (a)(1) and 29 CFR Sec. 825.119 and 825.220. The enforcement provisions of the FMLA provide for reinstatement and backpay, which is subject to liquidation under 29 USC Sec. 2617 (a) (1) (A) and (B) unless OneTrust can prove that it acted in good faith and that it had reasonable grounds for believing that the act or omission was not a violation of the FMLA.

19.

Based on information and belief, the requirement that Plaintiff resign his position or be terminated because it was "too late" and OneTrust's refusal to rescind Plaintiff's resignation was in retaliation for Plaintiff's request for a leave of absence to participate in in-patient substance abuse rehabilitation.

20.

As a result of Defendant's intentional interference and retaliation with Plaintiff's rights under the FMLA, Plaintiff has been damaged, suffering loss of pay and benefits and is entitled to liquidated damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff requests the following relief:

(a) That Plaintiff have and recover from Defendant back pay, front pay, benefits, and pre-judgment interest thereon;

(b) That Plaintiff have and recover liquidated damages from Defendant;

(c) That Plaintiff have and recover from Defendant his reasonable attorneys' fees and expenses of litigation awardable under the Family Medical Leave Act;

(d) That Plaintiff be granted a trial by jury as to all issues;

(e) That Plaintiff be granted injunctive and declaratory relief; and

(f) That the Court grant Plaintiff any and all other relief to which he may be entitled.

This 8th day of March, 2021.

                               Respectfully submitted,

                               GARY R. KESSLER, P.C.

By:  /s/ Gary R. Kessler
       Gary R. Kessler
       Georgia Bar No. 416562
       2573 Apple Valley Road NE
       Atlanta, Georgia 30319
       404-237-1020 (office)
       gkessler@martensonlaw.com
       ATTORNEY FOR PLAINTIFF